IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94CR111-12-MU

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DWIGHT LAMONT HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Reduce or Modify Sentence. Defendant argues that even though his conviction became final on March 1, 1999, he is entitled to a re-sentencing under the terms of United States v. Booker due to the fact that the Government filed a motion for a downward departure based on his post-conviction cooperation, and this motion was granted after Booker was decided. 543 U.S. 220 (2005). This seriously misconstrues the law. It is well established that Booker "is not available for post-conviction relief for federal prisoners ... whose convictions became final before Booker was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, a motion for downward departure under Rule 35(b) of the Federal Rules of Criminal Procedure, such as the one at issue here, does not affect the date on which a defendant's conviction became final. United States v. Sanders, 247 F.3d 144 (4th Cir. 2001). Thus, the date that Defendant's conviction became final remains March 1, 1999, well before Booker was decided, and Booker is inapplicable. This motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Signed: July 11, 2006

Graham C. Mullen
United States District Judge